Case 4:25-cv-02631   Document 57   Filed on 11/05/25 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
November 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AIS DESIGNS CO., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-25-02631 |
| § | |
| TOP TIER CUSTOM HOMES, LLC, § | |
| J.J.S. CUSTOM BUILT HOMES, § | |
| INC., JOSE DE JESUS SALAZAR, § | |
| KATELYN SALAZAR, VALLERI § | |
| SALAZAR, JAVIER RODRIGUEZ, § | |
| CALYX DESIGN STUDIO, LLC, § | |
| CALYX DESIGN-BUILD, LLC, § | |
| JOSE MANUEL MANDUJANO, § | |
| SPIRIT REAL ESTATE GROUP, § | |
| LLC, and BRYAN KEITH BJERKE, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, AIS Designs Co. ("AIS" or "Plaintiff"), brings this action against the defendants, Top Tier Custom Homes, LLC ("Top Tier"), J.J.S. Custom Built Homes, Inc. ("JSS"), Jose de Jesus Salazar, Katelyn Salazar, Valleri Sallazar, Javier Rodriguez ("Rodriguez"), Calyx Design Studio, LLC ("Calyx Studio"), Calyx Design-Build, LLC ("Calyx DB"), Jose Manuel Mandujano ("Mandujano"), Spirit Real Estate Group, LLC ("Spirit"), and Bryan Keith Bjerke ("Bjerke"), asserting claims for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. § 101, et seq., and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, et seq.[1]  Plaintiff seeks preliminary

---

[1]Complaint, Docket Entry No. 1, pp. 14-21 ¶¶ 43-62.  All page
(continued...)

and permanent injunctions, an impoundment and destruction order, and monetary relief, including costs and attorney's fees.[2] Pending before the court is Defendants Spirit Real Estate Group, LLC and Bryan Keith Bjerke's Rule 12(b)(6) Motion to Dismiss ("Spirit's and Bjerke's Motion to Dismiss") (Docket Entry No. 53). Also pending are Plaintiff's Response to Defendants Spirit Real Estate Group and Bryan Keith Bjerke's Rule 12(b)(6) Motion to Dismiss ("Plaintiff's Response") (Docket Entry No. 55), and Defendants Spirit Real Estate Group, LLC and Bryan Keith Bjerke's Reply in Support of Rule 12(b)(6) Motion to Dismiss (Spirit's and Bjerke's Reply) (Docket Entry No. 56). For the reasons explained below Spirit's and Bjerke's Motion to Dismiss will be denied.

## I. **Factual Allegations**[3]

Plaintiff alleges that it created, registered, and is the sole owner of all copyrights in an architectural work title "AIS Designs-Quick Residence," a custom designed single-family home. Plaintiff alleges that the United States Copyright Office issued Certificate of Copyright Registration No. VA 2-350-758 to AIS

---

[1](...continued)
numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 21-24 ¶¶ 63-74.

[3]The Factual Allegations are adopted from Plaintiff's Complaint, Docket Entry No. 1, pp. 3-13 ¶¶ 16-42; and Plaintiff's Response, Docket Entry No. 55, pp. 1-2.

Designs for the architectural work titled "AIS Designs-Quick Residence," effective June 9, 2023. Plaintiff alleges that using the AIS Designs-Quick Residence plans, JSS built a home for Carol and Michael Quick ("the Quicks") at 15685 Connie Lane in the Grand Lakes Estates neighborhood of Montgomery, Texas.

Plaintiff alleges that without its knowledge or permission, one or more of defendants JJS, Jose Salazar, Katelyn Salazar, Valleri Salazar, and/or Rodriguez gave a copy of the AIS Designs-Quick Residence plans to Mandujano and Calyx Studio, and that the copy given to Mandujano was an exact copy of the plans that Plaintiff submitted to the United States Copyright Office with the application for copyright registration, i.e., the "deposit copy." Plaintiff alleges that Mandujano and Calyx Studio then made copies of the AIS-Designs Quick Residence architectural work in the form of at least two sets of plans for houses to be constructed at 11532 Kirsten Court and 15681 Connie Lane, Montgomery, Texas. Plaintiff alleges that when Mandujano and Calyx Studio copied the AIS Design-Quick Residence plans made for the Kirsten Court and Connie Lane houses, they removed the copyright management information that Plaintiff had placed on the Quick Residence plans and provided false copyright management plans for both sets of plans.

Plaintiff alleges that using a New Home Application dated June 25, 2024, Katelyn Salazar, as Owner, and Top Tier as Contractor represented by Jose Salazar, applied for a permit to build houses at 11532 Kirsten Court and 15681 Connie Lane, Montgomery, Texas.

Plaintiff alleges that one or more of defendants, Top Tier, JSS, Jose Salazar, Katelyn Salazar, Valleri Salazar, or Rodriguez distributed copies of the Mandujano/Calyx Studio Kirsten Court and Connie Lane plans to the Grand Lakes Estates Property Owners Association Architectural Control Committee ("GLE-POA ACC"). Plaintiff alleges that between July and December 2024 one or more of these defendants constructed or participated in the construction of the AIS Designs-Quick Residence at 11532 Kirsten Court, and that on March 21, 2025, one or more of these defendants sold the house built at 11532 Kirsten Court for between $1,240,000 and $1,430,000. Plaintiff alleges that one or more of these defendants are currently constructing or participating in the construction of a copy of the AIS Designs-Quick Residence architectural work in the form of a house at 15681 Connie Lane, which is next door to the house owned by the Quicks at 15685 Connie Lane.

Plaintiff alleges that Valleri Salazar is licensed as a salesperson by the Texas Real Estate Commission ("TREC"), License No. 745225, and that pursuant to Texas Occupations Code § 1101.351(c), a licensed salesperson "may not act or attempt to act as a broker or salesperson unless the salesperson is associated with a licensed broker and is acting for that broker." Plaintiff alleges that Bjerke is licensed by TREC as a Real Estate Broker, License No. 562021, and that TREC records show that Bjerke is the Sponsoring Broker for Valleri Salazar. Plaintiff also alleges that TREC records also show that Bjerke is the managing member of

Spirit, which is licensed by TREC as a Real Estate LLC, License No. 9003398. Plaintiff alleges that Valleri Salazar and Spirit represented Katelyn Salazar under "Exclusive Right to Sell" listing agreements for the houses built at 11532 Kirsten Court and 15681 Connie Lane.

## II. Procedural Background

Plaintiff initiated this action on June 6, 2025, alleging claims of direct infringement in violation of the United States Copyright Act, 17 U.S.C. § 101, et seq., against all defendants,[4] and in the alternative, claims of contributory infringement and vicarious infringement against defendants Top Tier, JJS, Jose Salazar, Katelyn Salazar, Valleri Salazar, Rodriguez, Mandujano, and Calyx Studio,[5] and claims of vicarious — but not contributory — infringement against Spirit and Bjerke.[6] Plaintiff also alleges violations of the DMCA, 17 U.S.C. § against defendants Mandujano, Calyx Studio, Top Tier, JJS, Jose Salazar, Katelyn Salazar, Valleri Salazar, and Rodriguez.[7]

---

[4]Complaint, Docket Entry No. 1, pp. 14-18 ¶¶ 43-48 (all defendants); 49 (Top Tier, JJS, Jose Salazar, Katelyn Salazar, Valleri Salazar and Rodriguez); 52(a)(Mandujano and Calyx Studio); 54 (Spirit and Bjerke). Plaintiff's Complaint contains two paragraphs numbered 52, the court refers to the first as 52(a) and the second as 52(b).

[5]Id. at 15-18 ¶¶ 50-51 (Top Tier, JJS, Jose Salazar, Katelyn Salazar, Valleri Salazar and Rodriguez); 52(b)-53 (Mandujano and Calyx Studio).

[6]Id. at 55 (Spirit and Bjerke).

[7]Id. at 19-21 ¶¶ 56-62.

On August 7, 2025, Spirit and Bjerke filed an Original Answer (Docket Entry No. 33) and an initial motion to dismiss.[8]

On August 8, 2025, the court entered an Order notifying Spirit and Bjerke that

> [t]he Court's normal practice is to allow only one dispositive motion per party, and the Court sees no reason to make an exception in this case.  If Defendants' Motion to Dismiss is denied, the Court will therefore not allow them to file a Motion for Summary Judgment.  If Defendants wish to withdraw their Motion to Dismiss, the Court will enter a Docket Control Order that includes a date for Motions for Summary Judgment.  The Court requests that Defendants, Spirit Real Estate Group, LLC and Bryan Keith Bjerke, inform the Court of their decision by August 15, 2025.[9]

On August 19, 2025, Spirit and Bjerke notified the court that they "hereby withdraw their previously filed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 34)."[10]

On August 20, 2025, the court entered an Order (Docket Entry No. 39), denying as moot, Spirit's and Bjerke's initial motion to dismiss.

On October 1, 2025, Spirit and Bjerke filed the pending Motion to Dismiss (Docket Entry No. 53).  On October 21, 2025, Plaintiff filed its Response (Docket Entry No. 55), and on October 28, 2025, Spirit and Bjerke filed their Reply (Docket Entry No. 56).

---

[8]Defendants Spirit Real Estate Group, LLC and Bryan Keith Bjerke's Rule 12(b)(6) Motion to Dismiss, Docket Entry No. 34.

[9]Order, Docket Entry No. 35.

[10]Defendants' Response to the Court's Order Regarding Motion to Dismiss, Docket Entry No. 37.

## III. **Standard of Review**

Although the pending motion seeks dismissal of the claims asserted against Spirit and Bjerke under Rule 12(b)(6), Rule 12(b)(6) motions are untimely once a defendant has answered a complaint. See Fed. R. Civ. P. 12(b)("A motion asserting any of these defenses must be made before pleading if responsive pleading is allowed."). Spirit and Bjerke answered Plaintiff's Complaint on August 7, 2025 (Docket Entry No. 33), and filed the pending motion almost two months later on October 1, 2025. Once a responsive pleading has been filed, a motion to dismiss for failure to state a claim is properly construed as a motion for judgment on the pleadings under Rule 12(c). See Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). Rule 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hale v. Metrex Research Corp., 963 F.3d 424, 427 (5th Cir. 2020) (per curiam) (quoting Machete Products, L.L.C. v. Page, 809 F.3d 281, 287 (5th Cir. 2015)). "The standard from dismissal under Rule 12(c) is the same as that under Rule 12(b)(6)." Id.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)). To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966). When considering a motion to dismiss district courts are able to consider documents that are

attached to a motion to dismiss if they are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Tex. A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## IV. Analysis

The section of Plaintiff's Complaint titled "Copyright Infringement by Spirit and Bjerke," alleges that

> Defendants Spirit and Bjerke have infringed the copyright in the AIS Designs-Quick Residence architectural work by violating the exclusive rights of AIS [D]esigns as the owner of that copyright, including the following:
>
> a)   These Defendants have distributed copies and/or derivatives of the AIS Designs-Quick Residence architectural work by distributing paper and digital plans for houses built or planned to be built.
>
> b)   These Defendants have sold houses based on the AIS Designs-Quick Residence architectural work.
>
> In the alternative, each of Defendants Spirit and Bjerke had and continues to have a financial interest in the infringements by each other and also in the infringements by Defendants Top Tier, JJS, Jose Salazar, Katelyn Salazar, and Valleri Salazar. Each of Defendants Spirit and Bjerke had the power or the ability to stop or limit the infringements by these other Defendants but failed to do so. Each of Defendants Spirit and Bjerke is liable for vicarious infringement of AIS Designs' copyright in the AIS Designs-Quick Residence architectural work. As vicarious infringers, each of Defendants Spirit and Bjerke is jointly and severally liable for all actual and statutory damages assessed against the other Defendant.[11]

---

[11] Complaint, Docket Entry No. 1, p. 18 ¶¶ 54-55.

Defendants Spirit and Bjerke move to dismiss all claims asserted against them arguing that

> [t]he Complaint fails to identify any act of infringement, contributory or vicarious, committed by either Spirit or Bjerke, nor does it contain any well-pleaded facts which indicate[] that Spirit or Bjerke knowing participated in, benefitted from, or contributed to any infringing conduct.[12]

Citing the Final Judgment and Permanent Injunction issued following a jury trial in AIS Designs Co v. J.J.S. Custom Built Homes, Inc., No. 4:24-cv-837, Spirit and Bjerke argue that "[t]his precedent shows that liability does not extend to the sponsoring brokerage."[13]

Plaintiff responds that Spirit's and Bjerke's Motion to Dismiss should be denied because it has not alleged claims for contributory infringement against either of these defendants, it has adequately alleged claims for vicarious infringement against both of these defendants, and claim preclusion is not at issue.[14]

**A.  Applicable Law**

Copyright law recognizes two types of infringement: direct and secondary. Direct infringement occurs when one "trespass[es] into

---

[12] Spirit's and Bjerke's Motion to Dismiss, Docket Entry No. 53, p. 2 ¶ 2.

[13] Id. at 4 ¶ 14. See also Spirit's and Bjerke's Reply, Docket Entry No. 56, pp. 2-3 ¶¶ 2-5 (arguing that Plaintiff's Complaint fails to state claims for direct or vicarious copyright infringement).

[14] Plaintiff's Response, Docket Entry No. 55.

[the copyright owner's] exclusive domain by using or authorizing the use of a copyrighted work." BWP Media USA, Inc. v. T&S Software Associates, Inc., 852 F.3d 436, 439 (5th Cir.), cert. denied, 138 S. Ct. 236 (2017) (quoting Sony Corp. of America v. Universal City Studios, Inc., 104 S. Ct. 774, 784 (1984)). Direct copyright infringement requires proof of two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Id. (quoting Feist Publications, Inc. v. Rural Telephone Service Co., 111 S. Ct. 1282, 1296 (1991)). Copying is legally actionable if (1) the alleged infringer actually used the copyrighted material to create his own work, and (2) substantial similarity exists between the two works. Engineering Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1340-41 (5th Cir. 1994), opinion supplemented on denial of rehearing, 46 F.3d 408 (5th Cir. 1995).

"Secondary [copyright] infringement involves liability for actions of third parties," BWP Media, 852 F.3d at 439 (citing Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 125 S. Ct. 2764, 2776 (2005)). Secondary copyright infringement extends joint and several liability to those who participate in copyright infringement contributorily or vicariously. See Meadowgreen Music Co. v. Voice in the Wilderness Broadcasting, Inc., 789 F. Supp. 823, 826 (E.D. Tex. 1992). A contributory infringer is one who, with knowledge of the infringing activity, induces, causes, or

materially contributes to the infringing conduct of another. See Geophysical Service, Inc. v. TGS-NOPEC Geophysical Co., 850 F.3d 785, 798 (5th Cir. 2017) (citing Grokster, 125 S. Ct. at 2776)). See also Alcatel USA, Inc. v. DGI Technologies, Inc., 166 F.3d 772, 790 (5th Cir. 1999) ("A party is liable for contributory infringement when it, 'with knowledge of the infringing activity, induces, causes or materially contributes to infringing conduct of another.'") (citation omitted)). A vicarious infringer is one who (1) has a direct financial interest in the infringing activity, and (2) holds the right and ability to supervise the activity that causes the infringement, but declines to stop or limit it. Grokster, 125 S. Ct. at 2776. Intent or knowledge of the alleged infringing activity is not an element of this cause of action. Id. at n. 9 (recognizing that the theory of vicarious infringement allows imposition of liability "even if the defendant initially lacks knowledge of the infringement"). "A corporate officer may be held vicariously liable (1) if the officer has a stake in the activity and (2) if the officer has the ability to supervise the activity causing infringement." Meadowgreen Music, 789 F. Supp. at 826 (quoting Fermata International Melodies, Inc. v. Champions Golf Club, Inc., 713 F. Supp. 1257, 1262 (S.D. Tex. 1989), aff'd, 915 F.2d 1567 (5th Cir. 1990)).

**B.     Application of the Law to the Allegations**

    1.   <u>Contributory Infringement</u>

Spirit and Bjerke seek dismissal of claims for contributory infringement.[15] But Plaintiff has not asserted claims for contributory infringement against these defendants.[16] As Plaintiff argues, "[t]he Court cannot dismiss a claim that plaintiff is not making."[17]

    2.   <u>Vicarious Infringement</u>

Spirit and Bjerke argue that the claims that Plaintiff has asserted against them for vicarious infringement are subject to dismissal because

> [t]he Complaint contains no allegations that either Spirit or Bjerke had knowledge of any infringing acts, took any steps to induce or facilitate them, or maintained any supervisory or financial control over the allegedly infringing business operations. Further, Plaintiff gives no plausible facts to show that either Spirit or Bjerke had a direct financial interest in that activity. As a real estate LLC, Spirit's ordinary course of business is the general participation in the selling of homes, with no services specifically for the sale of homes created using Plaintiff's copyrighted work. Without more, Plaintiff cannot sustain a claim for derivative liability.[18]

---

[15] Spirit's and Bjerke's Motion to Dismiss, Docket Entry No. 53, pp. 5-8 ¶¶ 16-22.

[16] <u>See</u> Complaint, Docket Entry No. 1, p. 18 ¶¶ 54-55 (asserting claims for direct and vicarious infringement).

[17] Plaintiff's Response, Docket Entry No. 55, p. 6.

[18] Spirit's and Bjerke's Motion to Dismiss, Docket Entry No. 53, p. 8 ¶ 24. <u>See also</u> Spirit's and Bjerke's Reply, Docket Entry No. 56, pp. 2-3 ¶¶ 3-5.

Quoting <u>Grokster</u>, 125 S. Ct. at 2776, for stating that "[v]icarious infringement is 'profiting from direct infringement while declining to exercise a right to stop or limit it,'" Plaintiff argues that it has alleged "both elements with regard to both infringing houses [at issue in this case]."[19] Plaintiff argues it has alleged direct infringement by other defendants who copied its Quick Residence design plans to build houses at 11532 Kirsten Court and 15681 Connie Lane, and has also alleged that Spirit and Bjerke sold the infringing houses pursuant to exclusive listing agreements, which gave them both financial interests in sale of the infringing houses in the form of real estate commissions and the right to stop or limit the infringing sales.[20] Citing <u>Federation of State Massage Therapy Boards v. Mendez Master Training Center, Inc.</u>, 393 F.Supp.3d 557, 575 (S.D. Tex. 2019), Plaintiff argues that "[t]he expectation of commissions when the houses were sold satisfies the financial interest element of vicarious infringement,"[21] and citing <u>Stross v. PR Advisors, LLC</u>, No. 3:19-CV-1086-G, 2019 WL 5697225 (N.D. Tex., October 31, 2019), Plaintiff argues that Bjerke had the power and ability to stop or limit the sale of infringing houses because he was the sponsoring broker who had the right and ability to supervise Valleri Salazar's allegedly infringing conduct.[22]

---

[19]Plaintiff's Response, Docket Entry No. 55, p. 6.

[20]<u>Id.</u> at 6-7.

[21]<u>Id.</u> at 7.

[22]<u>Id.</u> at 9.

In support of the vicarious copyright infringement claims asserted against Spirit and Bjerke, Plaintiff alleges that Valleri Salazar is a licensed real estate sales person, that Valleri Salazar is an agent working for licensed real estate LLC Spirit, that Bjerke is the managing member of Spirit, that pursuant to exclusive listing agreements, Valleri Salazar and Spirit represented the seller of the houses built at 11532 Kirsten Court and 15681 Connie Lane using copies of the AIS Designs-Quick Residence architectural work, and that Valleri Salazar and Spirit have received commissions from sale of the house built at 11532 Kirsten Court house and will receive commissions from sale of the house built at 15681 Connie Lane.[23] These allegations are sufficient to survive Spirit's and Bjerke's Motion to Dismiss the vicarious infringement claims asserted against them because if true, they are sufficient to prove that Spirit and Bjerke each had and continue to have a financial interest in the infringements by the other defendants and had the power or the ability to stop or limit the infringements but failed to do so.[24] See Stross, 2019 WL 5697225, at * 2 (holding that plaintiff alleged sufficient facts at Rule 12(b)(6) stage to support vicarious infringement claim where plaintiff alleged that defendant had a direct financial interest in the use of an infringing photo on a website and had supervision over the website).

---

[23]Complaint, Docket Entry No. 1, pp. 12 ¶¶ 41-43 and 13 ¶¶ 38-41 (some paragraph numbers appear twice).

[24]Id. at 18 ¶ 55.

**C.   Spirit's and Bjerke's Reliance on the Final Judgment and Permanent Injunction Entered in Another Case is Misplaced**

Citing the Final Judgment and Permanent Injunction (Docket Entry No. 175) issued following a jury trial in another copyright action styled AIS Designs Co v. J.J.S. Custom Built Homes, Inc., No. 4:24-cv-837, which Plaintiff brought against some of the defendants named in this action, including inter alia, Valleri Salazar, and two of her sponsoring brokers, NextGen and Keller Williams, Spirit and Bjerke argue that

> while the evidence [in that case] established that NextGen and Keller Williams acted as Valleri Salazar's sponsoring brokers at different times, neither of the brokerage entities were found liable. . . .
>
> Here, similar to AIS Designs Co., Plaintiff alleges that J.J.S. Custom built Homes, Inc. ("JJS"), its president Jose Salazar, and associate Javier Rodriguez, and a host of other[s], unlawfully reused AIS's copyrighted Quick Residence design, which had been created for one-time use, by building multiple homes without permission. spirit, which is a real estate LLC that is owned by Bjerke, sponsored real estate agent, Valleri Salazar, who represented JJS in the related sales. Plaintiff had filed suit in this court, asserting direct, contributory, and vicarious copyright infringement against all Defendants, including Spirit and Bjerke.
>
> In light of the outcome in AIS Designs Co., the claims against Spirit and Bjerke should be viewed through the same lens. This precedent shows that liability does not extend to the sponsoring brokerage. Therefore, the claims against Spirit and Bjerke should be dismissed.[25]

Spirit's and Bjerke's reliance on the Final Judgment and Permanent Injunction entered in AIS Designs Co v. J.J.S. Custom

---

[25] Id. at 4 ¶¶ 12-14.

Built Homes, Inc., No. 4:24-cv-837, is misplaced because the judgment in that case was based on the jury's answers to specific questions about claims of vicarious infringement that the plaintiff asserted against Valleri Salazar's sponsoring brokers, Next Gen and Keller Williams.[26] Because the court's judgment in the other case was based on the jury's evaluation of evidence presented at trial, that judgment offers no support for Spirit's and Bjerke's contention that the vicarious infringement claims asserted against them in this case should be dismissed under Rule 12(b)(6) for failure to state claims for which relief may be granted.

## V. Conclusions and Order

For the reasons explained above, the court concludes that Plaintiff has alleged facts sufficient to survive the motion to dismiss the claims asserted against Spirit and Bjerker in this action. Accordingly, Defendants' Motion to Dismiss, Docket Entry No. 53, is **DENIED**.

**SIGNED** at Houston, Texas, this 5th day of November, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[26]See Jury Charge Questions 6 and 7, Docket Entry No. 168 in 4:24-cv-837, pp. 24 (finding NextGen not liable for vicarious infringement) and 25 (finding Keller Williams not liable for vicarious infringement).